UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE RAMOS, Individually and on Behalf of All Other
Persons Similarly Situated,

|  |  |
|---|---|
| Plaintiff, | **07 CIV 11038 (RMB)** |
| -against- | **ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT** |
| SAMI ZEITOUNE A/K/A SAMI ZEITONE and JOEY ZEITOUNE A/K/A JOEY ZEITONE, d/b/a EASY SHOPPING DEPARTMENT STORE, | **ECF CASE** |
| Defendants. | |

------------------------------------------------------------------X

Defendants Sami Zeitoune and Yossi Zeitoune sued incorrectly as Sami Zeitoune a/k/a Sami Zeitone and Joey Zeitoune a/k/a Joey Zeitone, d/b/a Easy Shopping Department Store, ("Defendants"), by their attorneys, Lipman & Plesur, LLP, answering the Class and Collective Action Complaint ("Complaint") of Plaintiff, allege as follows:

1.     In response to Paragraph 1 of the Complaint, Defendants admit only that Plaintiff has brought this action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2.     Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     In response to Paragraph 3 of the Complaint, Defendants acknowledge that Plaintiff has asked this Court to exercise jurisdiction but deny the appropriateness of same.

4.     In response to Paragraph 4 of the Complaint, Defendants acknowledge that Plaintiff has asserted that venue is proper in this court but deny the appropriateness of same.

5.     Defendants deny the allegations contained in Paragraph 5 of the Complaint to the extent the paragraph is not stating the law.

6.     In response to Paragraph 6 of the Complaint, Defendants deny knowledge or information sufficient to form a belief regarding where Plaintiff resides.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint, but aver that Sami Zeitoune resides in Kings County, New York.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint, but aver that Yossi Zeitoune resides in Kings County, New York.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint

29.     In response to Paragraph 29 of the Complaint, Defendants incorporate their answers to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

2

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint, but aver that Plaintiff has filed a purported consent.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     In response to Paragraph 40 of the Complaint, Defendants incorporate their answers to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     With respect to the Wherefore Clause on pages 10-11 of the Complaint, Defendants admit only that Plaintiff purports to seek damages and other relief in this lawsuit and deny that any alleged damages of relief is appropriate.  Defendants deny that this action may be maintained as a collective action or as a class action.

## FIRST AFFIRMATIVE DEFENSE

46.     Plaintiff fails to state a claim upon which relief may be granted, either on his own behalf or on behalf of those persons who he purports to represent, or to whom he purportedly is similarly situated.

## SECOND AFFIRMATIVE DEFENSE

47.     Some or all of Plaintiff's claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions or credits under the FLSA and/or applicable New York state law.

## THIRD AFFIRMATIVE DEFENSE

48.     Individual liability is not supported by the allegations contained in the Complaint or applicable law.

## FOURTH AFFIRMATIVE DEFENSE

49.     No act or omission of Defendants alleged to have violated the FLSA or applicable New York state law was willful, knowing, or in reckless disregard for the provisions of such laws.

## FIFTH AFFIRMATIVE DEFENSE

50.     Plaintiff's claims are barred to the extent that any members of the class that he purports to represent are exempt from the statutory requirements on which such claims are based.

## SIXTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred by the doctrines of unclean hands and laches.

## SEVENTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred as to all hours during which he was not working.

## EIGHTH AFFIRMATIVE DEFENSE

53.     Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because he failed to define the potential opt-ins to the collective action clearly and objectively.

## NINTH AFFIRMATIVE DEFENSE

54.     Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because he cannot adequately represent the interests of the potential opt-ins to the alleged collective action. Defendants specifically maintain that Plaintiff's pleadings fail to meet the requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C. § 216.

4

## TENTH AFFIRMATIVE DEFENSE

55.    Some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the applicable statue of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

56.    Subject to proof through discovery, some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the doctrine of estoppel, quasi-estoppel and/or equitable estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

57.    Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because he has not identified, and cannot identify, a group of similarly situated employees.

## THIRTEENTH AFFIRMATIVE DEFENSE

58.    Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because he is not similarly situated to those he purports to represent.

## FOURTEENTH AFFIRMATIVE DEFENSE

59.    Plaintiff is not entitled to class certification because he fails to meet the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

60.    Subject to proof through discovery, some or all of the putative class members may be exempt from overtime pay as executive, administrative, or professional employees, or otherwise.

## SIXTEENTH AFFIRMATIVE DEFENSE

61.    Plaintiff is not entitled to class certification because he failed to define a class clearly and objectively.

## SEVENTEENTH AFFIRMATIVE DEFENSE

62.    Plaintiff is not entitled to class certification because he cannot adequately represent the interests of the alleged class.

## EIGHTEENTH AFFIRMATIVE DEFENSE

63.    Plaintiff is not entitled to class certification because New York law does not authorize class action relief for claims seeking liquidated damages.

## NINETEENTH AFFIRMATIVE DEFENSE

64.    Plaintiff's attempt to pursue this lawsuit as a class action and/or collective action must fail because an independent and individual analysis of Plaintiff's claims and unique defenses and the claims and unique defenses of each putative class member and potential opt-in is required.

## TWENTIETH AFFIRMATIVE DEFENSE

65.    Plaintiff's claims are barred, in whole or in part, because the time periods for which he is claiming entitlement to compensation and/or overtime pay fall within the *de minimus* exception to the FLSA and applicable New York state law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

66.    All claims are barred by the doctrine of accord and satisfaction.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

67.    Plaintiff has been paid all amounts owed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

68.    Plaintiff has released his claims.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

69.    Plaintiff's actions constitute fraud.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint with prejudice and award Defendants their costs and attorneys' fees.

Dated: Jericho, New York
      January 10, 2008

                                                 Respectfully submitted,
                                                 LIPMAN & PLESUR, LLP

                                               By: _____/s/_____
                                               Robert D. Lipman (RL 3564)
                                               David A. Robins (DR 5558)
                                               Attorneys For Defendants
                                               The Jericho Atrium
                                               500 North Broadway
                                               Suite 105
                                               Jericho, NY 11753
                                               (516)931-0050

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2008, the foregoing **ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following party:

        Jeffrey M. Gottlieb, Esq.
        Berger & Gottlieb
        150 East 18th Street
        New York, NY  10003

        /s/ Robert D. Lipman
        Robert D. Lipman (RL 3564)
        David A. Robins (DR 5558)
        Lipman & Plesur, LLP
        The Jericho Atrium
        500 North Broadway, Suite 105
        Jericho, NY  11753
        lipman@lipmanplesur.com
        516-931-0050