UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE RAMOS, Individually and on Behalf of All
Other Persons Similarly Situated,                                    07 CIV 11038 (RMB)

                                Plaintiffs,

    -against-

SAMI ZEITOUNE A/K/A SAMI ZEITONE and
JOEY ZEITOUNE A/K/A JOEY ZEITONE, d/b/a
EASY SHOPPING DEPARTMENT STORE,

                                Defendants.
-------------------------------------------------------------X

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS

Plaintiff JOSE RAMOS ("Ramos" or "Plaintiff"), by and through his undersigned counsel, request, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States Court for the Southern District of New York, that Defendants, SAMI ZEITOUNE A/K/A SAMI ZEITONE ("Sami") and JOEY ZEITOUNE A/K/A JOEY ZEITONE ("Joey") d/b/a EASY SHOPPING DEPARTMENT STORE ("Easy Shopping"), answer separately, completely, in writing and under oath, each of the following interrogatories within thirty (30) days after the service of these interrogatories. Defendants' responses shall be governed by the definitions and instructions contained in Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, as amended. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, the interrogatories that follow are continuing in nature so as any information obtained after the initial responses required by these interrogatories that would have been responsive had it been available at that time shall be provided.

## I.
## DEFINITIONS

1. As used herein, the term "Plaintiffs" shall refer to the Plaintiff in the instant action, JOSE RAMOS, individually and on behalf of all persons similarly situated, and their agents and all other persons acting or purporting to act on their behalf.

2. The term "you" or "your" or "Defendants" shall mean SAMI ZEITOUNE A/K/A SAMI ZEITONE ("Sami") and JOEY ZEITOUNE A/K/A JOEY ZEITONE ("Joey") d/b/a EASY SHOPPING DEPARTMENT STORE ("Easy Shopping").

3. "Document" shall have the broadest meaning that can be ascribed to it pursuant to Federal Rule of Civil Procedure 34(a). Specifically, as used herein, the terms "document" and " documents" refers to each and every written, recorded, or graphic matter of any kind, type nature, or description that is or has been in Defendants' possession, custody, or control, or of which Defendants have knowledge, including but not limited to correspondence, memoranda, tapes, files, emails (including those deleted), stenographic or handwritten notes, written forms, of any kind, charts, blueprints, drawing, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, computer printouts, or data, data compilations of any kind, or any written or recorded materials of any kind, however, stored, recorded, produced or reproduced, and also including, but not limited to, drafts, or copies of any kind of the forgoing that contain any notes, comments or marking of any kind not found on the original documents identical to the original documents.

4. "Communication" shall mean and refer to every manner of transmitting or receiving information, opinions, and thoughts, whether orally or in writing.

5. "Identify" as used herein and referenced to:

2

(a) A natural individual, means to state the extent known, his or her (1) full name and any known aliases or nicknames; (2) present or last known home and business addresses and telephone numbers; (3) present or last known occupation, employer and job title; (4) employer address, and job title at the time of the events, transactions or occurrences to which the response relates: and (5) any other information needed to enable Plaintiff to identify the person.

(b) A person other than a natural individual, means to state to extent known, the:(1) full name, (2) present or last known address: (3) place of business at the present time and at all times relevant to the response involved; and (4) identify the persons who acted on behalf of such entity with respect to the subject matter of the response.

(c) A document or written communication (including correspondence) means to state, to the extent known, the (1) description of the type of document(e.g., letter, handwritten notes, etc.) and the number of pages; (2) title, heading or caption of such document, if any; (3) date on which document was prepared or executed; (4) name of the person who signed such document and, if it was signed, the response shall so state and shall state the name of the author or originator; (5) name of the addresses, if any, and the name of each other person to whom such document or copy thereof was sent; (6) present location and name of the custodian of the original document or a copy thereof. The forgoing information shall be given in sufficient detail to enable a person to whom a subpoena is directed to identify fully the document to be produced, and to enable the Plaintiff to determine that such document, when produced, is in fact the document described.

(d) An oral communication (including but not limited to, meetings, discussions, or other contracts) means to state to the extent known, (1) the substance of the communication; (2) date and place of the communication including a notation of whether the communication was in person or by telephone; (3) identify all persons attending, participating, or joining the communication; (4) identify all persons witnessing or having knowledge of such communication; and (5) identify all documents, recording, summarizing, confirming, or relating to the communication.

## II.
## INSTRUCTIONS

1. Answer each interrogatory separately and fully, furnishing all information available to you, including information in the possession of your attorneys, their investigators, and all other persons acting on your behalf. If for any reasons you cannot answer any interrogatory or a part thereof in full, answer to the extent possible and state the reasons for your inability to provide a complete answer. If, after exercising due diligence, you cannot provide the exact information requested and provide the best approximation of the information requested. If you cannot provide all the information requested in any interrogatory because of such information is not yet fully developed or cannot be ascertained at this time, please answer such interrogatory with all the information currently available and specifically indicate that additional responses will later be developed and provided.

2. If you object to any interrogatory, state the basis for the objection with specificity. Any ground for objection not stated in any objection shall be deemed waived.

3. These interrogatories are continuing to the extent provided in Federal Rule of Civil Procedure 26(e). You are under a duty to supplement your responses to include newly acquired information, if the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing. You are also under a duty to amend any responses upon learning such response was based upon information that either was incorrect at the time it was made, or while correct when made, is no longer true.

4. If you refuse to respond fully to any interrogatory or part thereof under any claim of privilege, please specifically set forth the basis for your refusal, the nature of the privilege asserted, and identify each person having knowledge of the factual basis, if any on which the privilege or other ground is asserted.

5. In the event that your answer to any interrogatory is not "applicable" or any similar phase or answer, explain in detail why that interrogatory is not applicable. In the event that your answer to the interrogatory is "don't know" or any similar phase or answer, explain specifically and in detail who, if anyone, would know the answer to the interrogatory or where the answer might be found, and additionally, all efforts made by you, your attorneys, investigators, agents, employees, or representatives to obtain the answers to that interrogatory.

5

6.   The answers to these interrogatories are to be verified under oath by the Defendant, and the objections, if any are to be signed by the attorney making them.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant period of these requests is from December 5, 2001, through the date of production (the "Relevant Period"), and shall include all documents that relate to such period even though prepared or published prior to or subsequent to that period.

## INTERROGATORIES

1.   State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s) or agents(s) answering or providing any information used to answer each Interrogatory.

2.   State the correct legal name of your organization.

3.   State any other names which your organization uses to identify itself, whether such names are registered with any officials, and the date and place of such registration.

4.   State the form of your organization, the date and place the organization was organized and registered and/or licensed to do business.

5.   State the name, title, address and job description of each director, partner, shareholder, officer, and manager of Defendants and anyone else who authorized, approved, or was aware of the wages paid to employees or who managed or supervised any employees.

6.   Identify all individuals, including the name, last known address and last known employment position, who participated in the process of calculating and or paying the Plaintiffs for their hours worked.

7. Describe the method of keeping employee time and pay records and attach copies of same.

8. Identify all individuals including names, and addresses and telephone numbers who have ever been employed by Defendants in any capacity, since December 5, 2001, and identify the dates that he or she was employed at Easy Shopping Department Store, their duties and position and rate of pay.

9. Attach copies of all employee personnel files which are not exempt by law, including but not limited to: employment applications, IRS withholding declarations, form I-9, and all other employee records required to be maintained by law and/or in fact maintained.

10. Identify any employee or agent of Easy Shopping Department Store, who communicated with anyone in connection with Jose Ramos's pay.

11. What are the different job titles of the employee's working at Easy Shopping Department Store and what are the specific duties for said positions and identify all employees in said positions and their last rate of pay.

12. Identify the manager who spoke with the Plaintiff about compensating him for his overtime when he was to end his position at Easy Shopping Department Store.

13. Identify the individual who interviewed the Plaintiff for his employment at Easy Shopping Department Store.

14. How many hours a week did the Plaintiff work each week during his employment with the Defendant?

15. Did Plaintiff ever work more then 40 hours in a given week? If so, provide the dates and time and was he compensated for his overtime and, if so at what rate of pay?

16. Identify all payments for wages made to the Plaintiff and state the dates, the amounts and the times worked by the Plaintiff during the corresponding work period.

17. Identify all employees who worked at any time with the Plaintiff.

18. What is the procedure by which Defendants record the beginning and end of employee's work shift?

19. Identify all employees at Easy Shopping Department Store who worked more then 40 hours a week during the relevant time period?

20. How many employees work at a given shift at Easy Shopping Department Store during the relevant time period?

21. State the positions of any employees discussed in question 20.

22. Identify all current managers at Easy Shopping Department Store.

23. Is Defendant affiliated with any other organization (e.g., common ownership, overlapping officers or managers or common facilities or employees)? If so, describe the affiliation and identify the participants.

24. List and explain all abbreviations and codes, letters, numerals, or symbols regularly used by Defendants in its records.

25. Identify by name, position, address and phone number all witnesses Defendants proposes to call to trial.

26. Identify all exhibits Defendants proposes to introduce at trial.

27. Identify each person whom the Defendants expects to call as an expert witness at trial, state the subject matter on which the expert is expected

8

to testify and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

28. Identify the persons who prepared all reports, returns, and/or documents filed with the N.Y.S. Labor or Tax Dept., the U.S. Dept. of Labor and the Internal Revenue Service that concerned employees, wages, and/or taxes pertaining to employees and attach copies of all records during the relevant time period.

29. Identify all complaints made by or on behalf of employees with respect to wages, and if litigated or filed with or by any governmental agency, attach copies of all pertinent pleading, motions and orders.

30. State all reasons, factual and legal, which support your claim that Plaintiff fails to state a claim upon which relief may be granted, either on his own behalf or on behalf of those persons who he purports to represent, or to whom he purportedly is similarly situated.

31. State all reasons, factual and legal, which support your claim that some or all of Plaintiff's claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions or credits under the FLSA and/or applicable New York state law.

32. State all reasons, factual and legal, which support your claim that individual liability is not supported by the allegations contained in the Complaint or applicable law.

33. State all reasons, factual and legal, which support your claim that no act or omission of Defendants alleged to have violated the FLSA or applicable New York state law was willful, knowing, or in reckless disregard for the provisions of such laws.

34. State all reasons, factual and legal, which support your claim that Plaintiff's claims are barred to the extent that any members of the class that he purports to represent are exempt from the statutory requirements on which such claims are based.

35. State all reasons, factual and legal, which support your claim that Plaintiff's claims are barred by the doctrines of unclean hands and laches.

36. State all reasons, factual and legal, which support your claim that Plaintiff's claims are barred as to all hours during which he was not working.

37. State all reasons, factual and legal, which support your claim that Plaintiff is not entitled to certification under 29 U.S.C. §216(b) because he failed to define the potential opt-ins to the collective action clearly and objectively.

38. State all reasons, factual and legal, which support your claim that Plaintiff is not entitled to certification under 29 U.S.C. §216(b) because he cannot adequately represent the interests of the potential opt-ins to the alleged collective action.

39. State all reasons, factual and legal, which support your claim that some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the applicable statute of limitations.

40. State all reasons, factual and legal, which support your claim that subject to proof through discovery, some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the doctrine of estoppel, quasi-estoppel and/or equitable estoppel.

41. State all reasons, factual and legal, which support your claim that Plaintiff is not entitled to certification under 29 U.S.C§216(b) because he has not identified, and cannot identify, a group of similarly situated employees.

42. State all reasons, factual and legal, which support your claim that Plaintiff is not entitled to certification under 29 U.S.C§216(b) because he is not similarly situated to those he purports to represent.

43. State all reasons, factual and legal, which support your claim that Plaintiff is not entitled to class certification because he fails to meet the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.

44. State all reasons, factual and legal, which support your claim that subject to proof through discovery, some or all of the putative class members may be exempt from overtime pay as executive, administrative, or professional employees, or otherwise.

45. State all reasons, factual and legal, which support your claim that Plaintiff is not entitled to class certification because he failed to define a class clearly and objectively.

46. State all reasons, factual and legal, which support your claim that Plaintiff is not entitled to class certification because he cannot adequately represent the interests of the alleged class.

47. State all reasons, factual and legal, which support your claim that Plaintiff is not entitled to class certification because New York law does not authorize class action relief for claims seeking liquidated damages.

48. State all reasons, factual and legal, which support your claim that Plaintiff's attempt to pursue this lawsuit as a class action and/or collective action must fail because an independent and individual analysis of Plaintiff's claims and unique defenses and the claims and unique defenses of each putative class member and potential opt-in is required.

49. State all reasons, factual and legal, which support your claim that Plaintiff's claims are barred, in whole or in part, because the time periods for which he is claiming entitlement to compensation and/or overtime pay fall within the *de minimus* exception to the FLSA and applicable New York state law.

50. State all reasons, factual and legal, which support your claim that all claims are barred by the doctrine of accord and satisfaction.

51. State all reasons, factual and legal, which support your claim that Plaintiff has been paid all amounts owed.

52. State all reasons, factual and legal, which support your claim that Plaintiff has released his claims.

53. State all reasons, factual and legal, which support your claim that Plaintiff's actions constitute fraud.

Dated: January 16, 2008

By: Jeffrey M. Gottlieb

Jeffrey M. Gottlieb Esq. (JG 7905)
Attorney for Plaintiffs
150 East 18th Street
Suite PHR
New York, New York, 1003
Tel: (212) 228-9795

## CERTIFICATE OF SERVICE

I, Jeffrey M. Gottlieb hereby certify that on this 16th day of January, 2008, I caused true and correct copies of the forgoing, PLAINTIFF'S FIRST SET OF INTERROGATORES DIRECTED TO ALL DEFENDANTS to be served upon the defense counsel listed below via First Class Mail, postage prepaid and filed with the court electronically pursuant to ECF system.

Robert D. Lipman (RL 3564)
David A. Robbins (DR 5558)
Lipman & Plesur, LLP
Attorneys for Defendants
The Jericho Atrium
500 North Broadway
Suite 105
Jericho, New York 11753
(516)931-0050

_____
Jeffrey M. Gottlieb