```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                              07 CIV 11038 (RMB)
JOSE RAMOS, Individually and on Behalf of All
Other Persons Similarly Situated,
                                        Plaintiffs,
        -against-

SAMI ZEITOUNE A/K/A SAMI ZEITONE and
JOEY ZEITOUNE A/K/A JOEY ZEITONE, d/b/a
EASY SHOPPING DEPARTMENT STORE,
                                        Defendants.
----------------------------------------------------------X
```

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ALL DEFENDANTS.

PLEASE TAKE NOTICE that Plaintiff JOSE RAMOS ("Ramos" or "Plaintiff"), by and through his undersigned counsel, in accordance with Rule 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, hereby request that Defendants SAMI ZEITOUNE A/K/A SAMI ZEITONE ("Sami") and JOEY ZEITOUNE A/K/A JOEY ZEITONE ("Joey"), d/b/a EASY SHOPPING DEPARTMENT STORE ("Easy Shopping") produce and permit counsel for Plaintiff to inspect and copy the following documents by producing same or making true and correct copies thereof and forwarding same to Jeffrey M. Gottlieb, Esq., 150 East 18th Street, New York, New York 10003, within thirty (30) days from the date of service of Plaintiff's First Request for the Production of Documents.

Pursuant to Rule 34(b), within 30 days of this service of this request, the Defendants shall serve a written response to this document request stating that inspection

will be permitted as requested with respect to each item or category listed herein, unless Defendants object to the specific item or category, in which case the reasons for objection shall be stated. Defendants shall produce documents for inspection as those documents are kept in the usual course of business; or Defendants shall organize and label those documents to correspond with the categories in this document request.

## 1.
## DEFINITIONS

The following definitions apply to each of the requests for documents set forth herein and are deemed to be incorporated in each of said requests:

1. The term "document" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostatted, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, and/ or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawing, diagrams, instructions, notes or minutes of meeting, or other

communications of any type, including inter- and intra-office communications, electronic mail or "email", telephone answering systems or "voice mail", questionnaires, surveys charts, graphs, photographs, recordings, films, tapes, disks, data cells, drums, printouts, of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (translated, if necessary, into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks, and magnetic tapes and any preliminary versions, drafts or revisions of any of the forgoing, whether produced or authored by Defendants or anyone else.

2. The term "you" or "your" refers to the Defendants.

3. The term "all documents" shall mean every document within the custody, possession, or control of you, your attorneys, insurance carriers, representatives, employees, and/or agents, whether an original or copy, as above defined, known to you and every such document or writing which you can locate or discover by reasonably diligent efforts.

4. The term "and" shall mean and/ or.

5. The term "or" shall mean and/ or.

6. The term "concern" or "concerning" means to make a statement about, refer to, discuss, describe, reflect, identify, deal with, consist, of, or in any way pertain, in whole or in part, to the subject. Where a request is for documents that "concern" a subject, "concern" means in any way related to, directly or indirectly.

7. The term "Easy Shopping" or the "Company" means Easy Shopping Department Store and all corporate Defendants named in the complaint and their

predecessors, successors, parents, subsidiaries, affiliates, branches(including regional and local offices), operating units, controlling persons, controlled persons, sales representatives, divisions, partnerships, trusts, divisions, partnerships, trusts, and all of its present and former officers, directors, employees, representatives, and agents(including, but not limited to, attorneys, accountants, consultants, or investment advisors, or bankers).

8. The terms "communicate" or "communication' are used in a comprehensive sense and shall mean and include every conceivable manner or means of disclosure, transfer, or exchange of oral or written information( in the form of facts, ideas, inquiries, or otherwise) between one or more persons or entities, including, but not limited to written documents, inter- and intra- office memoranda, correspondence, meeting, conferences, conversations, dialogues, discussions, interviews, consultations and/ or agreements whether by computer, by telephone, by telecopier, by mail, by e-mail, by voice mail, by facsimile, by personal delivery, by overnight delivery, face-to face or otherwise.

9. If there is a claim of privilege with respect to any response, please provide a privilege log, which states the nature of the information being withheld, the general subject matter of the withheld information, a statement of the facts constituting the basis of any claim of privilege, and the specific basis on which the privilege is claimed.

10. The following rules of construction apply to these discovery requests:

    a. The term "all" or " each" shall be construed as all and each;

b. The connectives "and" "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed on its scope;

c. The use of the singular form of any word includes the plural and vice versa;

d. The masculine includes the feminine and neuter genders, and

e. The term "including" shall be construed as "including, but not limited to".

## II.
## INSTRUCTIONS

1. These document requests are continuing so as to require supplemental responses as specified in the Federal Rules of Civil Procedure, if you or any person acting on your behalf obtains additional information called for by the request between the time of the original response and the time set for trial.

2. The fact that a document is produced by a Defendant or other person does not relive you of the obligation to produce your copy of the same document, i.e., even if the two documents are identical in form.

3. In producing documents and other materials, you are requested to furnish all documents or things in your possession from Easy Shopping Department Store, custody, or control, regardless of whether such documents or materials are possessed directly by you or your directors,

officers, agents, employees, representatives, or by your attorneys or their agents, employees, representatives, or investigators.

4. Documents are to be produced in full. If a requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reasons that the documents are being withheld.

5. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu and shall be legible and bound or stapled in the same manner as the original.

6. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

7. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodians(s).

8. Documents attached to each other should not be separated.

9. Documents not otherwise responsive to this discovery request shall be produced if such documents are attached to documents called for by this

discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

10. If any documents requested have been lost, discarded, destroyed or are otherwise no longer in your possession, custody, or control they shall be identified as completely as possible including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the document.

11. If you claim the attorney-client privilege, or any other privilege or work product protection for any document, that document need not be produced, but you shall provide the following information with respect to each such documents:

    (a) Date;

    (b) Author(s) of the document and each and every other person who prepared or participated in the preparation of the document;

    (c) A description of its subject matter and physical size;

    (d) All addresses or recipient(s) of the original or a copy thereof, together with the date or approximate date on which said recipient(s) received said documents;

    (e) All other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the

means of such disclosure, the present location of the document and all copies thereof;

(f) Each and every person having custody or control of the document and all copies thereof; and

(g) The nature of the privilege or other rule of law relied upon and any facts supporting your position.

## III.
## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant period of these requests is from December 5, 2001, through the date of production (the "Relevant Period"), and shall include all documents that relate to such period even though prepared or published prior to or subsequent to that period.

## IV.
## DOCUMENTS REQUESTED

1. All documents reflecting consideration, deliberation, formulation and/or implementation of the polices and practices concerning the overtime hours of its employees.

2. All documents, referencing, referring, or relating to the employment of Plaintiff, JOSE RAMOS by Defendants, including, but not limited to application, payroll records, w-2 forms.

3. All documents referencing, referring or relating to the manner or method in which Defendants track and record the actual

8

time worked by all employees, including, but not limited to time cards or "punch" cards.

4. All documents which reference refer or relate to the manner and method by which Defendants calculated pay and overtime pay of all employees.

5. All documents, including but not limited to, training manuals, employee handbooks, or memos provided by Defendants to employees which reference or refer to Defendant's polices and practices concerning overtime pay.

6. All documents reflecting communication between/among Defendants relating to Plaintiff and any communication between Defendants and Plaintiff.

7. All documents, including but not limited to, corporate memos, directives and instructions, between and among the Defendants, referencing, referring or relating to employee overtime.

8. All documents, referring or relating to all employees of Easy Shopping Department Store since December 5, 2001, including but not limited to:

a) Employment applications;

b) IRS forms W-9;

c) Time records, including time or "punch" cards;

d) Calculation of pay;

9

e) Complaints filed in any court or with any government agency against Defendants referring or relating to their employees and all documents related thereto.

9. A) If Defendant is a corporation, a copy of its certificate of incorporation, filing receipt from the appropriate state authority, and, if a foreign corporation, a copy of its Certificate of Authorization from the NYS Dept. of State;

B) If Defendant is a partnership, a copy of its partnership Agreement and copy of its d/b/a certificate; or

C) If Defendant is a sole proprietorship, a copy of its d/b/a certificate.

D) All insurance documents, including, but not limited to workman's compensation and/or disability insurance documents, unemployment, date including, but not limited to: applications, policies, correspondence, bills, claims summaries and calculations.

E) All documents referring or relating to employees including, but not limited to income and payroll tax returns filed with any governmental agency, body, bureau or department (federal, state and local).

10. The name, home address, home telephone number and title of all officers, shareholder, directors, managers, and employees of the Defendant.

11. All documents relating or referring to the specific business location that each employee is assigned.

12. Documents which you claim support any contention that Plaintiff fails to state a claim upon which relief can be granted.

13. Documents which you claim support any contention that Plaintiff's claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions or credits under the FLSA and/or applicable New York state law.

14. Documents which you claim support your contention that individual liability is not supported by the allegations contained in the complaint or applicable law.

15. Documents which you claim support your contention that no act or omission of Defendants alleged to have violated the FLSA or applicable New York state law was willful, knowing, or in reckless disregard for the provisions of such laws.

16. Documents which you claim support your contention that Plaintiff's claims are barred to the extent that any members of the class that he purports to represent are exempt from the statutory requirements on which such claims are based.

17. Documents which you claim support your contention that Plaintiff's claims are barred by the doctrines of unclean hands and laches.

18. Documents which you claim support your contention that Plaintiff's claims are barred as to all hours during which he was not working.

19. Documents which you claim support your contention that Plaintiff is not entitled to certification under 29 U.S.C. §216(b) because he failed to define the potential opt-ins to the collective action clearly and objectively.

20. Documents which you claim support your contention that Plaintiff is not entitled to certification under 29 U.S.C.§216(b) because he cannot adequately represent the interests of the potential opt-ins to the alleged collective action.

21. Documents which you claim support your contention that some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the applicable statute of limitations.

22. Documents which you claim support your contention that subject to proof through discovery, some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the doctrine of estoppel, quasi-estoppel and/or equitable estoppel.

23. Documents which you claim support your contention that Plaintiff is not entitled to certification under 29 U.S.C§216(b) because he has not identified, and cannot identify, a group of similarly situated employees.

24. Documents which you claim support your contention that Plaintiff is not entitled to certification under 29 U.S.C§216(b) because he is not similarly situated to those he purports to represent.

25. Documents which you claim support your contention that Plaintiff is not entitled to class certification because he fails to meet the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.

26. Documents which you claim support your contention that subject to proof through discovery, some or all of the putative class members may be exempt from overtime pay as executive, administrative, or professional employees, or otherwise.

27. Documents which you claim support your contention that Plaintiff is not entitled to class certification because he failed to define a class clearly and objectively.

28. Documents which you claim support your contention that Plaintiff is not entitled to class certification because he cannot adequately represent the interests of the alleged class.

29. Documents which you claim support your contention that Plaintiff is not entitled to class certification because New York law does not authorize class action relief for claims seeking liquidated damages.

30. Documents which you claim support your contention that Plaintiff's attempt to pursue this lawsuit as a class action and/or collective action must fail because an independent and individual analysis of Plaintiff's claims and unique defenses and the claims and unique defenses of each putative class member and potential opt-in is required.

31. Documents which you claim support your contention that Plaintiff's claims are barred, in whole or in part, because the time periods for which he is claiming entitlement to compensation and/or overtime pay fall within the *de minimus* exception to the FLSA and applicable New York state law.

32. Documents which you claim support your contention that all claims are barred by the doctrine of accord and satisfaction.

33. Documents which you claim support your contention that Plaintiff has been paid all amounts owed.

34. Documents which you claim support your contention that Plaintiff has released his claims.

35. Documents which you claim support your contention that Plaintiff's actions constitute fraud.

Dated: January 16, 2008

By: *[signature]*

Jeffrey M. Gottlieb Esq. (JG- 7905)
Attorney for Plaintiffs
150 East 18th Street
Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

## CERTIFICATE OF SERVICE

I, Jeffrey M. Gottlieb, hereby certify that on this 16th day of January 2008, I caused true and correct copies of the forgoing Plaintiff's First Request for Production of Documents to All Defendants to be served upon defense counsel listed below via First Class Mail, postage prepaid and filed with the court electronically pursuant to ECF system.

                                        Robert D. Lipman (RL 3564)
                                        David A. Robbins (DR 5558)
                                        Lipman & Plesur, LLP
                                        Attorneys for Defendants
                                        The Jericho Atrium
                                        500 North Broadway
                                        Suite 105
                                        Jericho, New York 11753
                                        (516)931-0050

_____
                    Jeffrey M. Gottlieb